UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

RAUL TIRADO-ESTRADA,

           Defendant.
_____/

Case No. 09-20527

Hon. Gerald E. Rosen

**ORDER DENYING DEFENDANT'S
MOTION FOR REDUCTION IN SENTENCE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____ July 5, 2013 _____

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

Defendant Raul Tirado-Estrada was sentenced in March of 2010 to a 36-month term of imprisonment, following his plea of guilty to a charge of unlawful re-entry into the United States after he had been deported for an aggravated felony. Defendant's 36-month sentence reflected a ten-month reduction from the 46-to-57-month guideline range set forth in his plea agreement.[1] Through the present motion, Defendant now seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(2), in light of certain amendments to the U.S. Sentencing Guidelines that took effect in November of 2010.

---

[1] Under this plea agreement, so long as Defendant's sentence did not exceed the top of the 46-to-57-month guideline range, Defendant was not permitted to withdraw his guilty plea and he waived his right to appeal.

As the Government points out in its response to Defendant's motion, Defendant has not established at least one of the prerequisites to relief under § 3582(c)(2) — namely, that such relief must rest upon an amendment to the Sentencing Guidelines that has been given retroactive effect by the U.S. Sentencing Commission. In particular, even assuming that Defendant could show that he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,"[2] he would also have to establish that a reduction in his sentence "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The pertinent policy statement corresponding to § 3582(c)(2) is found at § 1B1.10 of the Sentencing Guidelines, which states in relevant part that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (c) [of § 1B1.10] is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2). Yet, of the many Sentencing Guideline amendments listed in § 1B1.10(c) as eligible for retroactive application, none is applicable to Defendant here,[3] nor does Defendant's

---

[2]Though the Government does not address this point, it is doubtful that Defendant could make this showing. The 46-to-57-month sentencing range set forth in Defendant's plea agreement was derived from two provisions of the U.S. Sentencing Guidelines: (i) § 2L1.2, which governs the substantive offense of unlawfully entering the United States, and (ii) § 3E1.1, under which Defendant received a three-level reduction in his offense level for acceptance of responsibility. Although these provisions and their accompanying application notes have been amended since Defendant was sentenced in March of 2010, none of these amendments has the effect of lowering Defendant's sentencing range under the Sentencing Guidelines.

[3]As the Government observes, the only Sentencing Guideline amendment that has been given retroactive effect since Defendant was sentenced in March of 2010 is Amendment 750,

present motion even allude to any such retroactively applicable amendment as providing a possible basis for a reduction in his sentence. It follows that Defendant is not eligible for sentencing relief under § 3582(c)(2).

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion for a reduction in sentence (docket #15) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 5, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 5, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

---

which concerns crack cocaine offenses and is wholly inapplicable here.